# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM ALEXANDER CRUZ,<br><br>Defendant. | CR 15-43-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant William Alexander Cruz (Cruz) has been accused of violating the conditions of his supervised release. Cruz admitted the alleged violations. Cruz's supervised release should be revoked. Cruz should be placed in custody until May 9, 2019, with 30 months of supervised release to follow. Cruz should serve the first 180 days of supervised release at a Residential Re-Entry Center. The United States Probation Office should be given the authority to shorten Cruz's term at the Residential Re-Entry Center, if appropriate.

## II. Status

Cruz pleaded guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine on February 1, 2016. (Doc. 30). The Court sentenced Cruz to

41 months of custody, followed by 3 years of supervised release. (Doc. 37). Cruz's current term of supervised release began on January 4, 2019. (Doc. 42).

**Petition**

The United States Probation Office filed a Petition on March 11, 2019, requesting that the Court revoke Cruz's supervised release. (Doc. 42). The Petition alleged that Cruz had violated the conditions of his supervised release by: 1) failing to report to his probation officer as directed; and 2) by traveling outside of the state of Montana without the permission of his probation officer.

**Initial appearance**

Cruz appeared before the undersigned for his initial appearance on April 4, 2019. Cruz was represented by counsel. Cruz stated that he had read the petition and that he understood the allegations. Cruz waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on April 10, 2019. Cruz admitted that he had violated the conditions of his supervised release by: 1) failing to report to his probation officer as directed; and 2) by traveling outside of the state of Montana without the permission of his probation officer. The violations are

serious and warrant revocation of Cruz's supervised release.

Cruz's violations are Grade C violations. Cruz's criminal history category is II. Cruz's underlying offense is a Class C felony. Cruz could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Cruz's supervised release should be revoked. Cruz should be incarcerated until May 9, 2019, with 30 months of supervised release to follow. Cruz should serve the first 180 days of supervised release at a Residential Re-Entry Center. The United States Probation Office should be given the authority to shorten Cruz's term at the Residential Re-Entry Center, if appropriate. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Cruz that the above sentence would be recommended to Judge Morris. The Court also informed Cruz of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Cruz that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and

what, if any, sanction to impose. Cruz stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That William Alexander Cruz violated the conditions of his supervised release by failing to report to his probation officer as directed, and by traveling outside of the state of Montana without the permission of his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Cruz's supervised release and commit him to the custody of the United States Bureau of Prisons until May 9, 2019, with 30 months of supervised release to follow. Cruz should serve the first 180 days of supervised release at a Residential Re-Entry Center. The United States Probation Office should be given the authority to shorten Cruz's term at the Residential Re-Entry Center, if appropriate.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 11th day of April, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge